MILDRED MASSEY COTTON, *Ex'x vs.* INDUSTRIAL NATIONAL BANK OF PROVIDENCE *et al., Ex'rs.*

APRIL 18, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is an action of replevin which was tried before a justice of the superior court sitting without a jury. After decision for the defendants, the plaintiff excepted thereto and duly prosecuted the case here by her bill of exceptions containing only such exception.

The property replevied consists of certain articles of furniture and furnishings in the home of Mary E. Cotton, late of Newport, deceased. The plaintiff in her capacity as executrix of the last will and testament of Mary's brother William H. Cotton, late of Stockton, New Jersey, deceased, claims these articles as his property. At the trial in the

superior court she sought to establish her claim by indirect evidence. Such evidence consisted solely of testimony of statements made by Mary E. Cotton at various times that things in different rooms in her home were "Willie's" or "belonged to William." Mrs. Stevens, who attended Mary in her last illness, Mrs. Smith, a neighbor who occasionally visited her, and plaintiff herself so testified. None of the statements thus testified to identified any particular article.

The plaintiff also presented the testimony of William A. Peckham, Esquire, who was Miss Cotton's legal counselor and who had discussed with her on one occasion questions of ownership of property in her home. He had also discussed the same questions with her brother William. He testified that Mary told him that there were some articles in the house which belonged to William but she did not identify them. He further testified that on one occasion he talked to William at the Cotton home and that he said he owned some things there. He, too, did not particularize them and Mr. Peckham testified that he urged him to identify and mark them to avoid possible complications in the future. The witness was unable to testify whether any identification had ever been made. And there was no positive, credible evidence from any other source that tended to establish identificaton of particular articles as William's property.

On this evidence the trial justice decided that plaintiff had failed to sustain the burden of proof. He reviewed the evidence in more detail than we have done in the above summary and stated that at best it was equivocal and insufficient to satisfy him that she had proved her claim by a fair preponderance of the evidence. In the course of his decision he adverted to the law governing the right to recover in replevin and concluded that the evidence failed to meet such requirements.

At the hearing before us plaintiff contended that he erred in deciding as he did because the record shows a clear pre-

ponderance in her favor if proper weight is accorded to the testimony of Mrs. Stevens, Mrs. Smith and Attorney Peckham. She insists that the trial justice was clearly in error in failing to give due weight to such testimony. In effect she contends that on a reasonable view of all the evidence a decision in her favor can be supported notwithstanding the lack of evidence specifically identifying each article as William's property. In other words she urges this court to take a different view of the evidence as to its weight and reverse the trial justice's decision.

In a case of this kind we cannot adopt such a view. We have repeatedly held that in a case which is submitted to a justice of the superior court sitting without a jury we will accord his decision on the facts great weight and will not set it aside unless we are convinced it is clearly wrong. *Assembly of God Church* v. *Vallone,* 89 R. I. 1, 150 A.2d 11. And we have also uniformly held that in a case where the evidence raises an issue of fact that is peculiarly within the province of the trial justice to decide we will not disturb his decision unless he has misconceived the evidence or the law applicable thereto. *Young* v. *Lasswell,* 86 R. I. 287.

The case at bar is peculiarly one where the decision rests solely on the weight of the credible evidence. After reading the transcript in connection with our consideration of the trial justice's decision we have not found that he has misconceived the evidence either as to its weight or credibility or that he has failed to apply the law properly applicable thereto. We are, therefore, unable to say that his decision is clearly wrong.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Sheffield & Harvey, Richard B. Sheffield,* for plaintiff.

*Corcoran, Peckham & Hayes, Patrick O'Neill Hayes,* for defendants.